John J. Dillon, S.
The testatrix died on October 11, 1955 and her will dated March 9, 1948 was duly admitted to probate and letters testamentary thereon were issued to the executor on October 28, 1955. Under the terms of the will the husband of decedent was designated as executor and the entire residuary estate was given to him for life, with the remainder thereof payable to a named sister-in-law of decedent, or in the event of her prior death to her issue.
The remainderman instituted a compulsory accounting proceeding on August 30, 1957 and the executor, who was served with an order to show cause pursuant to section 95 of the Surrogate’s Court Act, defaulted. On October 1, 1957 an order was signed by the Surrogate directing the executor to file an account of his proceedings within 30 days and to appear in court on November 1, 1957 and “from time to time thereafter * * * for the purpose of making such account ”.
The executor failed to comply with the aforesaid order and the matter remained in limbo until April 7, 1958 when the petitioner filed a supplemental petition accompanied by an account on behalf of the executor setting forth all information available to her in order to enable the Surrogate to state the account pur *707 suant to the powers granted to him under section 260 of the Surrogate’s Court Act. The information from which the account was prepared was gathered from the inventory of the estate assets as set forth in the New York State and Federal estate tax returns which were duly audited and approved by the proper officials. The supplemental petition alleged that upon information and belief the respondent presently resides in Reno, Nevada. On the basis of the supplemental petition an order dated April 7, 1958 signed by the Surrogate, enjoined the executor from functioning in such capacity until the questions in controversy were resolved and further enjoined a New York bank, which allegedly had custody of certain estate assets, from delivering or transferring any such estate assets. The supplemental citation was served on the executor pursuant to section 95 of the Surrogate’s Court Act, and on the return date thereof the matter was adjourned from time to time on motion of a firm of attorneys who were in communication with the respondent and who subsequently and on May 20, 1958, filed an authorization and notice of appearance on his behalf. On the same date, an informal account was submitted on behalf of the executor by such attorneys. The account is allegedly signed by the executor and acknowledged before a notary public in the State of Nevada. However, the acknowledgement does not contain the necessary County Clerk’s certificate and, accordingly, such informal account serves no purpose, except that it provides additional information to aid the court in stating the account of the executor.
The respondent, who resides without the State, has repeatedly failed to comply with the directions of this court, and the circumstances relating to his administration of the estate lead the court to conclude that the rights of the remaindermen are in jeopardy. Accordingly, the application to revoke the letters testamentary is granted and the court will appoint the petitioner administratrix c. t. a. upon her duly qualifying according to law and filing a duly approved bond in an amount to be fixed by the court on the settlement of the decree.
Upon the petitioner duly qualifying as the estate representative, she is directed to commence immediately the marshalling of all estate assets and thereupon to submit a detailed report of the assets which she has collected so as to enable the court to settle the account of the former executor. The respondent is directed to deliver all of the estate assets, including but- not limited to those which he lists in his “ informal account ”, to the petitioner.
Settle decree.